**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| BANNUM, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 01-639C<br>(Judge Lettow) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**DEFENDANT'S UNOPPOSED MOTION FOR AN ENLARGEMENT OF TIME**

Pursuant to RCFC 6(b), defendant requests an enlargement of time of six days, to and including October 29, 2007, within which to file its reply in support of its pending motion for summary judgment upon counts 6 and 8 of the second amended complaint. Pursuant to the Court's current scheduling order, our reply is now due on October 23, 2007. This is our first request for an enlargement of time for this purpose. Counsel for the plaintiff has indicated that he will not oppose this request for an enlargement of time.

In its response to our pending motion for summary judgment, the plaintiff has included a motion to amend its complaint for the third time. The plaintiff's response to our motion for summary judgment upon count 6 of the second amended complaint relies entirely upon the new facts and issues the plaintiff seeks to add to this litigation through its third amended complaint. Because the plaintiff has intertwined its response to our motion upon count 6 with its motion to amend, our reply upon our motion for summary judgment will necessarily overlap with our response to the plaintiff's motion to amend.

To avoid any confusion that could arise from filing two briefs upon these related issues, we intend to file a consolidated reply upon our motion for summary judgment and response to the plaintiff's motion to amend. Pursuant to Rules 6(e) and 7.1(b), our response to the plaintiff's motion to amend is due on October 29, 2007. Pursuant to Rules 6(e) and 7.1(c), our reply upon our motion for summary judgment would be due (absent the Court's current scheduling order) on

the same date. Thus, our request simply reconciles the current deadline with the Rules.[1]

Additionally, because the plaintiff's response/motion raises new issues in this litigation (indeed, they have not even been considered by the contracting officer, see Exhibit A), we require the assistance of the client-agency in formulating our response. Unfortunately, the entire staff of the client-agency, the United States Bureau of Prisons, is away from the office this week and therefore cannot provide support for our drafting effort until Monday afternoon, the day before our reply is now due. Granting the requested enlargement will also permit the client-agency adequate time to review and assist in preparing our filing.

For the foregoing reasons, defendant requests that the Court grant this motion for an enlargement of time of six days, to and including October 29, 2007.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s/ Deborah A. Bynum
DEBORAH A. BYNUM
Assistant Director

/s/ Devin A. Wolak
DEVIN A. WOLAK
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L St., N.W.
Attn: Classification Unit, 8th Floor
Washington, D.C. 20530
Tel. (202) 616-0170
Fax. (202) 514-8624

October 19, 2007

Attorneys for Defendant

[1] We acknowledge that we previously agreed to shorten our reply time; however, at the time of that agreement, we were not aware that the plaintiff would seek leave to file a third amended complaint and then use its new allegations as the sole basis for opposing half of our motion for summary judgment.

**CERTIFICATE OF FILING**

I hereby certify that on October 19, 2007, a copy of the foregoing “DEFENDANT'S UNOPPOSED MOTION FOR AN ENLARGEMENT OF TIME” was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Devin A. Wolak
DEVIN A. WOLAK

# EXHIBIT A

**CAMARDO LAW FIRM, P.C.**
127 GENESEE STREET
AUBURN, NEW YORK 13021
WWW.CAMARDO.COM

JOSEPH A. CAMARDO, JR.
NANCY M. CAMARDO*
*admitted to Georgia Bar only
KEVIN M. COX
JEFFREY D. WALKER
ADAM H. VAN BUSKIRK

PHONE: (315) 252-3846
FAX: (315) 252-3508
E-MAIL: lawfirm@camardo.com

MANAGER-GOVERNMENT COST/PRICE ANALYST
JOSEPH W. NORRIS, M.B.A.

# FAX TRANSMISSION

| | | | |
|---|---|---|---|
| **To:** | Devin A. Wolak, Esq. | **Date:** | October 12, 2007 |
| **Fax #:** | 202-514-8624 | **Pages:** | **2 , including this cover sheet.** |
| **From:** | Joseph A. Camardo Jr. | | |
| **Subject:** | Bannum, Inc. v. United States<br>Case No. 01-639C (Judge Lettow) | | |

***ATTORNEY / CLIENT PRIVILEGED AND CONFIDENTIAL INFORMATION***

**IF YOU DO NOT RECEIVE ALL OF THE PAGES, OR THERE WAS A PROBLEM WITH TRANSMISSION, PLEASE CALL (315) 252-3846.**

**COMMENTS:**

Please see attached.

CAMARDO LAW FIRM, P.C.

127 GENESEE STREET
AUBURN, NEW YORK 13021
WWW.CAMARDO.COM

JOSEPH A. CAMARDO, JR.
NANCY M. CAMARDO*
*admitted to Georgia Bar only
KEVIN M. COX
JEFFREY D. WALKER
ADAM H. VAN BUSKIRK

PHONE: (315) 252-3846
FAX: (315) 252-3508
E-MAIL: LAWFIRM@CAMARDO.COM

MANAGER-GOVERNMENT COST/PRICE ANALYST
JOSEPH W. NORRIS, M.B.A.

**Via Fax, & First Class Mail**

October 5, 2007

Devin Wolak, Esq.
U.S. Department of Justice
Commercial Litigation Branch
1100 L Street, N.W. 8th Floor
Washington, DC 20530

**Re:** **Bannum v. United States**
**No. 01-639 (Lettow)**

Dear Devin:

Reference is hereby made to the above matter: With respect thereto, the following should be noted:

1. As you should be aware, I filed detailed papers opposing the government's motion for summary judgment. Unfortunately, the BOP is seeking dismissal without disclosing certain key internal documents to the Court. Most notably is the Beaumont situation. The BOP one month before the alleged termination notice, was involved in, or at the very least was aware of the "unwritten school agreement". As such the cure notice was a sham, causing Bannum to incur significant legal cost in protecting its contract.

2. I discovered this information, in plowing through the BOP's documentation obtained through discovery. As such, the claim is being amended to $96,390.00 and I have enclosed a revised claim that needs to be filed with the contracting officer. I am reluctant to send this document directly since the BOP is represented by counsel. I am requesting that you provided the revised claim to the requisite contracting officer. If you cannot do so, please let me know if I can send it directly to the contracting officer. If not, Bannum can forward it on to the contracting officer.

It is a shame that, we cannot sit down and resolve these issues ourselves, without Court intervention.

Sincerely yours,

Joseph A. Camardo, Jr.

cc: John Rich, Esq.

**Additional Revision To Claim for Equitable Adjustment dated January 3, 2001 Pursuant To Contract No.J200c-336 (Beaumont, TX)**

By letter dated January 3, 2001, Bannum filed a claim for equitable adjustment resulting from a BOP issued cure notice that was false and improper causing Bannum substantial extra cost. That claim was denied by the contracting officer, and Bannum filed a complaint before the United States Federal Claims Court with the matter being docketed as No. 01-639C. This document supplements that claim with additional support, based upon newly discovered information hidden from Bannum by the BOP. Thus, the Cure Notice was a sham and was intended to harm Bannum, by causing Bannum to incur substantial additional cost.

During discovery it was also uncovered pursuant to a BOP memorandum dated November 7, 2000 that the Beaumont City Council in Texas had approved a Catholic School for troubled youths and that the School would be located in the section of the building occupied at the time by Bannum. As a result Bannum had to be evicted or vacate the premises prior to the school year 2001. Then in another BOP memorandum dated December 18, 2000, it was noted that there was an unwritten municipal agreement that if the school moved in, Bannum would have to vacate. This information was never supplied to Bannum by the BOP.

Instead, the BOP sent Bannum a cure notice stating that the BOP had been in communication with the landlord and that the landlord was exercising his option to terminate Bannum's tenancy. As a result, in order to protect its contract with the BOP, Bannum was forced to incur significant amounts of legal fees because of the sham cure notice and the sham letter from the landlord. This is a situation where Bannum is under contract with the BOP, and both parties are to be acting honestly and in good faith. The BOP had exculpatory information and intentionally withheld it from Bannum. The unwritten agreement was the main reason why Bannum was being forced out and not because of the alleged validity of the lease. The cure

notice was a sham and cost Bannum a tremendous amount of time and effort in trying to protect its contract with the BOP. In addition, if Bannum had been provided this information by the BOP, it could have been provided to the Texas Court further supporting Bannum's case that the purported lease termination was a sham. Furthermore, Bannum would have known where to focus its discovery during the Texas State Court Proceeding. The BOP sat idly by and at times was present in the Texas Court while the landlord would make false representations and further exacerbated the situation by intentionally withholding the school agreement from Bannum. Thus, the cure notice was false because the BOP knew that it was based on a false premise and never mentioned anything about the unwritten school agreement to Bannum.

The BOP acting in concert with the landlord caused false statements to be made to Bannum in the cure notice which caused Bannum to incur significant expenses. Not only did Bannum incur the $4500 claimed earlier dealing with the cure notice but Bannum incurred substantial litigation cost. As a result Bannum hereby revises its claim from $4,500.00 to $96,390.00

Bannum has further filed a detailed opposition papers to the governments motion for summary judgment in the United States Court of Federal Claims Case No. 01-639C. Those opposition papers including a detailed affidavit from David Lowry are incorporated herein by reference. Attached hereto is a chart of the legal fees incurred as a result of the litigation with the landlord and Bannum. The claim is hereby revised to $96,390.00.

| Bannum, Inc<br>Summary of fees associated with count 6 in Bannum's Complaint | | | |
|---|---|---|---|
| Bill Date Ending | *Beaumont (arising out of Lease litigation)* | *Lease (arising out of lease litigation)* | *Subtotal* |
| 5/31/2001 | $10,534.00 | $1,125.00 | $11,659.00 |
| 6/15/2001 | $0.00 | $6,417.00 | $6,417.00 |
| 6/30/2001 | $0.00 | $721.00 | $721.00 |
| 7/15/2001 | $117.00 | $0.00 | $117.00 |
| 7/31/2001 | $0.00 | $0.00 | $0.00 |
| 8/15/2001 | $0.00 | $3,409.00 | $3,409.00 |
| 8/31/2001 | $0.00 | $5,233.00 | $5,233.00 |
| 9/15/2001 | $0.00 | $1,591.00 | $1,591.00 |
| 9/30/2001 | $0.00 | $3,966.00 | $3,966.00 |
| 10/15/2001 | $0.00 | $3,271.50 | $3,271.50 |
| 10/31/2001 | $0.00 | $3,983.00 | $3,983.00 |
| 11/15/2001 | $0.00 | $5,357.25 | $5,357.25 |
| 11/30/2001 | $0.00 | $5,716.00 | $5,716.00 |
| 12/15/2001 | $0.00 | $2,846.50 | $2,846.50 |
| 12/31/2001 | $0.00 | $1,660.00 | $1,660.00 |
| 1/15/2002 | $0.00 | $1,525.00 | $1,525.00 |
| 1/31/2002 | $0.00 | $3,124.00 | $3,124.00 |
| 2/15/2002 | $0.00 | $3,691.00 | $3,691.00 |
| 2/28/2002 | $0.00 | $5,284.00 | $5,284.00 |
| 3/15/2002 | $0.00 | $100.00 | $100.00 |
| 3/31/2002 | $0.00 | $275.00 | $275.00 |
| 4/15/2002 | $0.00 | $559.00 | $559.00 |
| 4/30/2002 | $0.00 | $1,271.50 | $1,271.50 |
| 5/15/2002 | $0.00 | $2,687.50 | $2,687.50 |
| 5/31/2002 | $0.00 | $125.00 | $125.00 |
| 6/15/2002 | $0.00 | $275.00 | $275.00 |
| 6/30/2002 | $0.00 | $92.00 | $92.00 |
| 7/15/2002 | $0.00 | $0.00 | $0.00 |
| 7/31/2002 | $67.00 | $0.00 | $67.00 |
| 8/15/2002 | $191.00 | $0.00 | $191.00 |
| 8/31/2002 | $2,083.00 | $33.00 | $2,116.00 |
| 9/15/2002 | $875.00 | $0.00 | $875.00 |
| 9/30/2002 | $375.00 | $0.00 | $375.00 |
| 10/15/2002 | $0.00 | $0.00 | $0.00 |

| Bannum, Inc | | | |
|---|---|---|---|
| Summary of fees associated with count 6 in Bannum's Complaint | | | |
| | *Beaumont (arising out of Lease litigation)* | *Lease (arising out of lease litigation)* | *Subtotal* |
| Bill Date Ending | | | |
| 10/31/2002 | $116.25 | $0.00 | $116.25 |
| 11/15/2002 | $0.00 | $0.00 | $0.00 |
| 11/30/2002 | $0.00 | $0.00 | $0.00 |
| 12/15/2002 | $0.00 | $0.00 | $0.00 |
| 12/31/2002 | $0.00 | $0.00 | $0.00 |
| 1/15/2003 | $0.00 | $0.00 | $0.00 |
| 1/31/2003 | $0.00 | $0.00 | $0.00 |
| 2/15/2003 | $0.00 | $0.00 | $0.00 |
| 2/28/2003 | $0.00 | $0.00 | $0.00 |
| 3/15/2003 | $0.00 | $0.00 | $0.00 |
| 3/31/2003 | $125.00 | $0.00 | $125.00 |
| 4/15/2003 | $167.00 | $0.00 | $167.00 |
| 4/30/2003 | $5,296.50 | $0.00 | $5,296.50 |
| 5/15/2003 | $254.25 | $1.00 | $255.25 |
| 5/31/2003 | $0.00 | $0.00 | $0.00 |
| 6/15/2003 | $800.00 | $0.00 | $800.00 |
| 6/30/2003 | $0.00 | $0.00 | $0.00 |
| 7/15/2003 | $1,220.50 | $0.00 | $1,220.50 |
| 7/31/2003 | $917.00 | $0.00 | $917.00 |
| 8/15/2003 | $467.00 | $0.00 | $467.00 |
| 8/31/2003 | $1,905.25 | $0.00 | $1,905.25 |
| 9/15/2003 | $249.00 | $0.00 | $249.00 |
| 9/30/2003 | $650.00 | $0.00 | $650.00 |
| 10/15/2003 | $691.00 | $0.00 | $691.00 |
| 10/31/2003 | $350.00 | $0.00 | $350.00 |
| 11/15/2003 | $0.00 | $0.00 | $0.00 |
| 11/30/2003 | $0.00 | $0.00 | $0.00 |
| 12/15/2003 | $100.00 | $0.00 | $100.00 |
| 12/31/2003 | $0.00 | $0.00 | $0.00 |
| 1/15/2004 | $0.00 | $0.00 | $0.00 |
| 1/31/2004 | $0.00 | $0.00 | $0.00 |
| 2/15/2004 | $0.00 | $0.00 | $0.00 |
| 2/29/2004 | $0.00 | $0.00 | $0.00 |
| 3/15/2004 | $0.00 | $0.00 | $0.00 |
| 3/31/2004 | $0.00 | $0.00 | $0.00 |
| | | | |
| | | | |
| Subtotal | **$27,550.75** | **$64,339.25** | **$91,890.00** |