**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| BANNUM, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 01-639C |
| v. | ) | |
| | ) | (Judge Lettow) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S ANSWER TO THIRD AMENDED COMPLAINT**

For its answer to the third amended complaint, defendant admits, denies, and alleges as follows:

**Parties**[1]

1. Denies the allegations contained in paragraph 1 for lack of knowledge or information sufficient to form a belief as to their truth.

2. Admits.

**Jurisdiction**

3. The allegations contained in the first and fourth sentences of paragraph 3 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Admits the allegation contained in the second sentence of paragraph 3 that Bannum has submitted various claims; admits the remainder of the allegations contained in the second sentence of paragraph 3 to the extent supported by the claims cited, which are the best evidence of their contents;

[1] The third amended complaint includes various headings, and they are repeated here for the convenience of the reader. We do not believe that a response to these headings is necessary or appropriate. Should the Court conclude that a response is required, defendant responds that these headings constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

otherwise denies the remainder of the allegations contained in the second sentence of paragraph 3. Admits the allegations contained in the thrid sentence fo paragraph 3 that the BOP has issued various final decisions with respect to Bannum's claims, and in some instances has not issued a final decision; the remainder of the allegations contained in the third sentence of paragraph 3 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

**Introduction**

4. Admits the allegations contained in the first sentence of paragraph 4 to the extent supported by the contracts cited, which are the best evidence of their contents; otherwise denies the allegations contained in the first sentence of paragraph 4. The allegations contained in the second sentence of paragraph 4 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

5. Denies the allegations contained in the first and third sentences of paragraph 5. Admits the allegations contained i the second sentence of paragraph 5 that the BOP issued contract changes to various contracts, by modification; denies the remainder of the allegations contained in the second sentence of paragraph 5. The allegations contained in the fourth sentence of paragraph 5 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

COUNT 1

6. Admits the allegations contained in paragraph 6 that during the course of

performance of several contracts, Bannum was assessed deductions for performance deficiencies, which were contested by Bannum; denies the remainder of the allegations contained in paragraph 6.

A. Jackson, Mississippi – Contract No. J200C-325[2]

7. Admits the allegations contained in paragraph 7 to the extent supported by the request for equitable adjustment ("REA") cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 7.

8. Admits.

9. Admits the allegations contained in paragraph 9 to the extent supported by the claim cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 9.

10. Admits the allegations contained in paragraph 10 to the extent supported by the final decision cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 10.

11. Admits the allegations contained in the first sentence of paragraph 11 to the extent supported by the invoice cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 11. Admits the allegation contained in the second sentence of paragraph 11 that Bannum has not been paid for Modification 10; the remainder of the allegations contained in the second sentence of paragraph 11 constitute

[2] The third amended complaint includes headings, within Counts 1 and 10, that are denominated by capitalized letters and appear to refer to specific contracts. We do not believe that a response to these headings is necessary or appropriate. Should the Court conclude that a response is required, defendant admits these allegations to the extent supported by the contracts cited, which are the best evidence of their contents; otherwise denies these allegations.

conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

B. Corpus Christi, Texas – Contract J200C-361

12. Admits the allegations contained in paragraph 12 to the extent supported by the REA cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 12.

13. Admits the allegations contained in paragraph 13 to the extent supported by the REA cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 13.

14. Admits.

15. Admits the allegations contained in the first and second sentences of paragraph 15 to the extent supported by the REA cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first and second sentences of paragraph 15. Admits the allegations contained in the third sentence of paragraph 15 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in the third sentence of paragraph 15.

16. Admits the allegation contained in the first sentence of paragraph 16 that the BOP refused to negotiate Bannum's REAs; admits the remainder of the allegations contained in the first sentence of paragraph 16 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the remainder of hte allegations contained in the first sentence of paragraph 16. Admits the allegations contained in the second sentence of paragraph 16 to the extent supported by the claims cited, which are the best evidence of their contents;

otherwise denies the allegations in the second sentence of paragraph 16.

17. The allegations contained in paragraph 17 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

C. Beaumont, Texas – Contract J200C-336

18. Admits the allegations contained in paragraph 18 to the extent supported by the REA cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 18.

19. Admits the allegations contained in paragraph 19 to the extent supported by the REA cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 19.

20. Admits the allegations contained in the first sentence of paragraph 20 to the extent supported by the letters cited, which are the best evidence of their contents; otherwise denies the allegations contained in the first sentence of paragraph 20. The allegations contained in the second sentence of paragraph 20 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

21. Admits the allegation contained in the first sentence of paragraph 21 that the contracting officer did not issue a final decision; the remainder of the allegations contained in the first sentence of paragraph 21 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. The allegations contained in the second sentence of paragraph 21 constitute

conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

D. Laredo, Texas – Contracts J200C-375 and J200C-433

22. Admits the allegations contained in paragraph 22 to the extent supported by the REA cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 22.

23. Admits the allegations contained in paragraph 23 to the extent supported by the REA cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 23.

24. Admits the allegation contained in the first and third sentences of paragraph 24. Denies the allegations contained in the second sentence of paragraph 24 for lack of knowledge of information sufficient to form a belief as to their truth; avers that, although it appears the Government received a letter from Bannum dated April 26, 2000, that addressed these issues, the Government cannot locate a copy of the letter and, accordingly, lacks the information necessary to form a belief as to whether these allegations are correct.

25. Admits the allegations contained in paragraph 25 to the extent supported by the letters cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 25.

26. Admits the allegation contained in the first sentence of paragraph 26 that the BIP has not responded to Bannum's claims; the remainder of the allegations contained in the first sentence of paragraph 26 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are

denied. The allegations contained in the second sentence of paragraph 26 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

COUNT 2

27. Admits the allegations contained in paragraph 27 to the extent supported by the REA cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 27.

28. Admits the allegations contained in the first sentence of paragraph 28. Admits the allegations contained in the second sentence of paragraph 28 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 28.

29. Admits the allegations contained in paragraph 29 to the extent supported by the modifications and letter cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 29.

30. Admits the allegations contained in paragraph 30 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 30.

31. Admits the allegations contained in paragraph 31 to the extent supported by the modifications cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 31.

32. Admits the allegations contained in paragraph 32 to the extent supported by the letters cited, which are the best evidence of their contents; otherwise denies the allegations

contained in paragraph 32.

33. Admits the allegations contained in the first sentence of paragraph 33 to the extent supported by the final decision cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 33. The allegations contained in the second sentence of paragraph 33 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

COUNT 3

34. The allegations contained in paragraph 34 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

35. Admits the allegations contained in paragraph 35 to the extent supported by the claim cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 35.

36. Admits the allegations contained in paragraph 36 to the extent supported by the letters cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 36.

37. Admits the allegations contained in paragraph 37 to the extent supported by the letters cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 37.

38. Admits the allegations contained in paragraph 36 to the extent supported by the modification cited, which is the best evidence of its contents; otherwise denies the allegations

contained in paragraph 38.

39. Admits the allegations contained in paragraph 39 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 39.

40. Admits the allegations contained in paragraph 40 to the extent supported by the letter and contract modification cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 40.

41. Admits the allegation contained in paragraph 41 that, to date, no payment has been made; denies the remainder of the allegations contained in paragraph 41 for lack of knowledge or information sufficient to form a belief as to their truth. Avers that the Government has not received an executed Modification 13 from Bannum.

42. Admits the allegations contained in paragraph 42 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 42.

43. The allegations contained in paragraph 43 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

COUNT 4

44. Admits the allegations contained in paragraph 44 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 44.

45. Admits the allegations contained in the first sentence of paragraph 45 to the

extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 45. Denies the allegations contained in the second sentence of paragraph 45.

46. Admits the allegations contained in paragraph 46 to the extent supported by the REA cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 46.

47. Admits the allegations contained in the first sentence of paragraph 47 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 47. Admits the allegations contained in the second sentence of paragraph 47 to the extent supported by the letter and REA cited, which are the best evidence of their contents; otherwise denies the allegations contained in the second sentence of paragraph 47. The allegations contained in the third sentence of paragraph 47 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

48. Admits the allegation contained in the first sentence of paragraph 48 that the contracting officer did not issue a final decision on Bannum's claim within 60 days; the remainder of the allegations contained in the first sentence of paragraph 48 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. The allegations contained in the second sentence of paragraph 48 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

COUNT 5

49. Admits.

50. Denies the allegations contained in the first sentence of paragraph 50 with regard to Bannum's "information and belief" for lack of knowledge or information sufficient to form a belief as to their truth; admits the allegations contained in the first sentence of paragraph 50 that internal BOP guidelines and restrictions dealt only with BOP personnel and were not incorporated into Bannum's contracts to the extent supported by the guidelines, restrictions, and contracts cited, which are the best evidence of their contents; otherwise denies these allegations; denies the remainder of the allegations contained in the first sentence of paragraph 50. Denies the allegations contained in the second sentence of paragraph 50.

51. Denies.

52. Admits the allegations contained in the first sentence of paragraph 52 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 52. Denies the allegations contained in the second sentence of paragraph 52.

53. Denies the allegation contained in paragraph 53 that the Government's issuance of Modification 10 implicitly acknowledged that its investigation was based upon standards and restrictions not incorporated into Bannum's contract; admits the remainder of the allegations contained in paragraph 53 to the extent supported by the modification cited, which is the best evidence of its contents; otherwise denies the remainder of the allegations contained in paragraph 53.

54. Denies the allegation contained in the first sentence of paragraph 54 that the

investigation was improper; denies the allegation contained in the first sentence of paragraph 54 that Bannum filed a Request for Equitable Adjustment for various constructive changes to its contract as a result of an allegedly improper investigation, for lack of knowledge or information sufficient to form a belief as to their truth; admits the remainder of the allegations contained in the first sentence of paragraph 54 to the extent supported by the REA cited, which is the best evidence of its contents, otherwise denies the remainder of the allegations contained in the first sentence of paragraph 54. Admits the allegations contained in the second sentence of paragraph 54 to the extent supported by the REA cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 54.

55. Admits.

56. Admits the allegations contained in the first and second sentences of paragraph 56. The allegations contained in the third and fourth sentences of paragraph 56 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

COUNT 8

57. Admits the allegations contained in the first sentence of paragraph 57 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 57. Denies the allegations contained in the second sentence of paragraph 57.

58. The allegation contained in paragraph 58 that Bannum was in full compliance with the transportation requirements contained in the contract constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be

deemed allegations of fact, they are denied; admits the remainder of the allegations contained in paragraph 58.

59. Admits the allegations contained in paragraph 59 that the BOP raised these concerns and that the BOP did not definitize any changes to the transportation requirements; denies the remainder of the allegations contained in paragraph 59.

60. Admits the allegation contained in paragraph 60 that Bannum submitted cost proposals; the allegations that these cost proposals responded to undefinitized extra-contractual changes constitute conclusions of law and plaintiff's characterization of its case, to which on answer is required; to the extent they may be deemed allegations of fact, they are denied; denies the remainder of the allegations contained in paragraph 60.

61. Denies.

62. Denies the allegations contained in the first sentence of paragraph 62. Denies the allegations contained in the second sentence of paragraph 62 that the "issuance of the . . . Performance Evaluation has had, and continues to have, a long-range effect on Bannum's ability to be awarded other contracts" for lack of knowledge or information sufficient to form a belief as to their truth; denies the remainder of the allegations contained in the second sentence of paragraph 62.

63. Denies the allegation contained in the first sentence of paragraph 63 that the BOP acted in bad faith; denies the allegations contained in the first sentence of paragraph 63 that Bannum submitted an REA to the BOP as a result of the BOP's alleged bad faith, for lack of knowledge or information sufficient to form a belief as to their truth; admits the remainder of the allegations contained in the first sentence of paragraph 63 to the extent supported by the REA

cited, which is the best evidence of its contents, otherwise denies the remainder of the allegations contained in the first sentence of paragraph 63. Admits the allegation contained in the second sentence of paragraph 63 that the BOP did not respond to the REA; admits the remainder of the allegations contained in the second sentence of paragraph 63 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the remainder of the allegations contained in the second sentence of paragraph 63.

64. Admits the allegation contained in the first sentence of paragraph 64 that the contracting officer did not issue a final decision within 60 days; the remainder of the allegations contained in the first sentence of paragraph 64 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. The allegations contained in the second sentence of paragraph 64 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

65. Admits the allegations contained in the first sentence of paragraph 65 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations contained in the first sentence of paragraph 65. Denies the allegations contained in the second sentence of paragraph 65. Denies the allegations contained in the third sentence of paragraph 65 for lack of knowledge or information sufficient to form a belief as to their truth.

66. Admits the allegations contained in the first sentence of paragraph 66 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations contained in the first sentence of paragraph 66. Denies the allegations

contained in the second and third sentences of paragraph 66. The allegations contained in the fourth sentence of paragraph 66 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

67. Denies the allegations contained in the first and third sentences of paragraph 67. Admits the allegations contained in the second sentence of paragraph 67. The allegations contained in the fourth and sixth sentences of paragraph 67 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Denies the allegations contained in the fifth sentence of paragraph 67 that "Bannum further spent an enormous amount of time and effort on attempting to resolve the transportation issue," for lack of knowledge or information sufficient to form a belief as to their truth; denies the remainder of the allegations contained in the fifth sentence of paragraph 67.

68. Admits the allegations contained in paragraph 68 to the extent supported by the revised audit cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 68.

COUNT 9

69. Admits the allegations contained in paragraph 69 to the extent supported by the contracts cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 69.

70. Admits the allegations contained in the first sentence of paragraph 70 that the home confinement manday rate is approximately one-half the rate for the full-time resident

manday; denies the remainder of the allegations contained in the first sentence of paragraph 83 for lack of knowledge or information sufficient to form a belief as to their truth. Denies the allegations contained in the second sentence of paragraph 70.

71. Admits the allegations contained in paragraph 71 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 71.

72. Admits the allegations contained in paragraph 72 to the extent supported by the letters cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 72.

73. Denies the allegations contained in paragraph 73 for lack of knowledge or information sufficient to form a belief as to their truth.

74. The allegations contained in paragraph 74 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

75. Admits the allegations contained in paragraph 75 that the statement of work requires that home confinement can be granted to inmates only upon prior determination that various specified standards have been met to the extent supported by the statement of work cited, which is the best evidence of its contents; otherwise denies these allegations; denies the remainder of the allegations contained in paragraph 75.

76. Admits the allegation contained in the first sentence of paragraph 76 that the contract allowed Bannum to reduce its staff to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies this allegation; denies the remainder of the

allegations contained in the first sentence of paragraph 76. Denies the allegations contained in the second and third sentences of paragraph 76.

77. Denies the allegation contained in paragraph 77 that the diversion was improper; denies the allegation contained in paragraph 77 that Bannum submitted certain REAs as a result of the BOP's alleged improper diversion, for lack of knowledge or information sufficient to form a belief as to their truth; admits the remainder of the allegations contained in paragraph 77 to the extent supported by the REAs cited, which are the best evidence of their contents, otherwise denies the remainder of the allegations contained in paragraph 77.

78. Admits the allegations contained in the first sentence of paragraph 78 that the BOP requested cost breakdowns for each of the submittals and that Bannum provided somethin in response to these requests; denies the remainder of the allegations contained in the first sentence of paragraph 78; avers that the responses provided by Bannum were not adequate. Admits the allegations contained in the second and third sentences of paragraph 78 to the extent supported by the REAs cited, which are the best evidence of their contents; otherwise denies the allegations contained in the second and third sentences of paragraph 78.

79. The allegations contained in the first and third sentences of paragraph 79 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Admits the allegations contained in the second sentence of paragraph 79 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 79.

COUNT 10

A. Beaumont, Texas (Constract No. J200c-336)

80. Admits the allegations contained in paragraph 80 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 80.

81. Admits the allegations contained in paragraph 81 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 81.

82. Admits the allegations contained in paragraph 82 to the extent supported by the memo cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 82.

83. The allegations contained in paragraph 83 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

84. Admits the allegation contained in paragraph 84 that, on October 3, 2001, Bannum's requests for payment were converted into a Claim for Equitable Adjustment to the extent supported by the Claim for Equitable Adjustment cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 84.

85. Admits the allegations contained in the first sentence of paragraph 85 to the extent supported by the final decision cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 85. The allegations contained in the second and third sentences of paragraph 85 are conclusions of law and plaintiff's

characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

B. Tupelo, Mississippi (Contract No. J200c-306), Jackson, Mississippi (Contract No. J200c-325), Tallahassee, Florida (Contract No. J200c-376), Montgomery, Alabama (Contract No. J200c-397)

86. Admits the allegations contained in paragraph 86 to the extent supported by the statements of work cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 86.

87. The allegations contained in the first and second sentences of paragraph 87 are conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Admits the allegations contained in the third sentence of paragraph 87 to the extent supported by the billings cited, which are the best evidence of their contents; otherwise denies the allegations contained in the third sentence paragraph 87.

88. Admits the allegations contained in paragraph 88 to the extent supported by the requests and letters cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 88.

89. Denies the allegation contained in the first sentence of paragraph 89 that Bannum issued a demand letter because of the BOP's alleged failure to issue a reimbursement, for lack of knowledge or information sufficient to form a belief as to their truth. The allegation contained in the first sentence of paragraph 89 that the BOP was contractually required to issue certain reimbursements is a conclusion of law and plaintiff's characterization of its case, to which no answer is required; to the extent this allegation may be deemed an allegation of fact, it is denied.

Admits the remaining allegations contained in paragraph 88 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the remaining allegations contained in paragraph 89.

90. Admits the allegations contained in the first sentence of paragraph 90 to the extent supported by the Claim for Equitable Adjustment cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 90. The allegation contained in the second sentence of paragraph 90 that the BOP was required under certain contracts to issue certain reimbursements is a conclusion of law and plaintiff's characterization of its case, to which no answer is required; to the extent this allegation is deemed an allegation of fact, it is denied. Admits the allegations contained in the second sentence of paragraph 90 that the BOP has neither reimbursed Bannum nor engaged in ADR with Bannum concerning this claim. Denies all remaining allegations contained in the second sentence of paragraph 90.

91. Admits the allegations contained in the first sentence of paragraph 91 to the extent supported by the final decision cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 91. The allegations contained in the second sentence of paragraph 91 are conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

C. Laredo, Texas (Contract No. J200c-375)

92. Admits the allegations contained in paragraph 92 to the extent supported by the modification and voucher cited, which are the best evidence of their contents; otherwise denies

the allegations contained in paragraph 92.

93. The allegations contained in the first sentence of paragraph 93 are conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Denies the allegations contained in the second sentence of paragraph 93 for a lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegation contained in the third sentence of paragraph 93 that the payment included interest in the amount of $56.90; denies the remaining allegations contained in the third sentence of paragraph 93.

94. Admits the allegations contained in the first, second, and fourth sentences of paragraph 94 to the extent supported by the letters cited, which are the best evidence of their contents; otherwise denies the allegations contained in the first, second, and fourth sentences of paragraph 94. The allegations contained in the third sentence of paragraph 94 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

95. Admits the allegations contained in the first sentence of paragraph 95 to the extent supported by the final decision cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 95. The allegations contained in the second sentence of paragraph 95 are conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

D. Greensboro, North Carolina (Contract No. J200c-377)

96. Admits the allegations contained in the first sentence of paragraph 96 to the

extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 96. Admits the allegations contained in the second sentence of paragraph 96 that the BOP issued a notice to proceed, and that the state fire marshall and building inspector issued a certificate of occupancy; denies the remaining allegations contained in the second sentence of paragraph 96. Denies the allegation contained in the third sentence of paragraph 96 that Bannum began performance as a result of the issuance of the notice to proceed and certificate of occupancy, for lack of knowledge or information sufficient to form a belief as to their truth. Admits that Bannum began performance of the contract on March 1, 1998.

97. Admits the allegations contained in paragraph 97 to the extent supported by the monitoring report cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 97.

98. Admits the allegations contained in paragraph 98 to the extent supported by the communications cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 98.

99. Admits the allegations contained in paragraph 99 that Bannum offered to cover the doors with a fire-retardant paint, and avers that Bannum's offer did not satisfy the requirements of the contract. The remaining allegations contained in paragraph 99 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent these remaining allegations may be deemed allegations of fact, they are denied.

100. The allegations contained in paragraph 100 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be

deemed allegations of fact, they are denied.

101. Admits the allegations contained in paragraph 101 to the extent supported by the REA and letter cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 101.

102. Admits the allegation contained in paragraph 102 that the contracting officer did not issue a final decision upon this claim. The remaining allegations contained in paragraph 102 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

103. Denies that plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 102, or to any relief whatsoever.

104. Denies each and every allegation not previously admitted or otherwise qualified.

WHEREFORE, defendant requests that the Court enter judgment in defendant's favor, and order that the complaint be dismissed, and grand defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Deborah A. Bynum
DEBORAH A. BYNUM
Assistant Director

s/ Devin A. Wolak
DEVIN A. WOLAK
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L St., N.W.
Attn: Classification Unit, 8th Floor
Washington, D.C. 20530
Tel. (202) 616-0170
Fax. (202) 514-8624

February 22, 2008

Attorneys for Defendant

**CERTIFICATE OF FILING**

I hereby certify that on February 22, 2008, a copy of the foregoing "DEFENDANT'S ANSWER TO THIRD AMENDED COMPLAINT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Devin A. Wolak